THE STATE, on the relation of JOSEPH G. LOGAN praying for a mandamus *v.* THE THIRD DISTRICT COURT OF NEW ORLEANS.

A *mandamus* will not lie against a Judge *a quo* to compel him to allow an appeal on a judgment refusing a *mandamus* to compel a Justice of the Peace to issue a commission to take testimony. The remedy is by appeal to the District Court, and ultimately to this Court, when the amount gives such appellate jurisdiction.

When a Court usurps jurisdiction the proper remedy is by the writ of prohibition.

ON the relation of *Joseph G. Logan*, praying for a *mandamus*. *B. Egan* and *L. M. Day*, for relator.

MERRICK, C. J. The petition avers that suit was brought against the relator in the Court of the Fourth Justice of the Peace of this City, for the possession of the second, third and fourth stories of the store No. 57, St. Charles street, which the relator had leased from *Schmidt & Co.*, in liquidation, for $1,000 per annum ; that *A. Richard*, one of the former members of said firm, alleged himself in the petition to be acting under and by virtue of a power of attorney from the partner *Wm. Schmidt* in bringing the suit to eject the relator ; that immediately after said suit had been brought, and before a judgment by default had been taken, relator filed an exception to said suit on the ground that the Justice of the Peace had no jurisdiction, and the petition set forth no cause of action ; that *A. Richard* had no authority to bring the suit ; that relator, having filed interrogatories, applied for a commission to take the testimony of *Wm. Schmidt* to establish his defence, which was refused him by said Justice of the Peace ; that relator then applied by petition to the Hon. Third District Court for a *mandamus* to compel the Justice of the Peace to grant the request; that the Third District Court dismissed relator's petition, the judgment being signed on the 13th day of December, 1860 ; that relator applied for and obtained a suspensive appeal to this Court, returnable on the second Monday of January, 1861, on condition of giving bond in the sum of $100 ; and that the next day, viz., the 14th day of December, the Third District Court, without any motion or previous notice, rescinded the order granting the appeal. He prays for a peremptory *mandamus*, commanding the District Judge to annul the last mentioned order, and grant relator an appeal from the said decree dismissing the petition.

24

LOGAN          The District Judge has answered the rule *nisi* issued on the application of re-
*v.*
3D. DIST. COURT. lator.

The amount in controversy before the Third Justice of the Peace being a con-
tract of lease involving over three hundred dollars, is within the final appellate
jurisdiction of this Court, and this Court would not be deprived of ultimate ap-
pellate jurisdiction under the Constitution, in the event of an appeal in the first
instance to the Third District Court of New Orleans.

But the present proceeding, whether considered in reference to the matter be-
fore the District Court, or this Court, is not by way of appeal, but a *mandamus.*
Now it is well settled that appellate courts will issue the writ of *mandamus* only
in aid of their appellate jurisdiction, and will not try in this manner questions
which may be examined on appeal.

It appears, that the Justice of the Peace had jurisdiction of the cause, for the
complaint made before the District Court was not that the Justice of the Peace
was usurping jurisdiction, which, in a proper case, would have authorized the
writ of prohibition ; but it was that he had refused to issue a commission to take
the testimony of a witness.    Phillips's Dig. p. 288, sec. 71 ; p. 304, sec. 24.

The object of the application was not therefore in aid of the appellate jurisdic-
tion of the District Court nor of this Court, but to revise an interlocutory order
of the Justice of the Peace before he had finally decided the cause.   It has been
settled by repeated decisions that the appellate tribunal, as just intimated, is
without power to revise the orders of the inferior court except by appeal, and that
the determination of every case must be left, in the first instance, to the decision
of the magistrate seized of original jurisdiction, and he must decide according to
his own convictions of right and justice in whatever judgment he shall pronounce
in a cause of which he has jurisdiction.    If he errs, we repeat, the remedy is by
appeal.

Inasmuch as the order applied for in the District Court was not necessary to
its appellate jurisdiction, and no complaint was there made that the magistrate
was exceeding the jurisdiction granted him by law ; and inasmuch as the order of
the District Judge did not work any injury to the relator, whose right of appeal
was still in reserve, we are of the opinion that no appeal lies from such order of
the District Court to this Court.    This case, it will be perceived, differs from the
case of *The State on the relation of Rutherford* v. *The Third Justice of the Peace
of New Orleans,* lately decided by us.

It is, therefore, ordered, that the rule granted in this case be discharged, at the
costs of the relator.